Jerry **CRANFILL**, et al.

v.

The **SCOTT & FETZER CO.**, et al.

**Civ. A. No. S–82–0181–CA.**

United States District Court,
E.D. Texas,
Sherman Division.

Nov. 1, 1990.

733

Roger D. Sanders, Sherman, Tex., for plaintiffs.

John R. Henderson, Barry L. Springel, Jones, Day, Reavis & Pogue, Dallas, Tex., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

The defendants, The Scott & Fetzer Co., and The Kirby Co. (Kirby), moved for partial summary judgment in this case on Counts I and II of the plaintiffs', Jerry and Miller Cranfill (The Cranfills) complaint. This motion for partial summary judgment (Kirby's first motion) was filed December 21, 1984. The Cranfills responded to Kirby's First Motion on December 31, 1984, filing their response to defendants' motion for partial summary judgment (The Cranfills' First Response).

On December 21, 1984, the same day Kirby's First Motion was filed, the Cranfills filed a First Amended Complaint, adding eight new counts. Kirby then filed its motion for judgment on the pleadings or partial summary judgment (Kirby's Second Motion) on January 4, 1985. In Kirby's Second Motion, Kirby sought judgment on all counts of the First Amended Complaint except Count IX. Additionally, Kirby filed a reply memorandum in support of defendants' motion for partial summary judgment (Kirby's First Memorandum).

For the next five years, as the case moved from judge to judge, the parties apparently did nothing. On October 5, 1989, the Cranfills filed plaintiffs' amended response to defendants' motion for judgment on the pleadings or partial summary judgment (The Cranfills' Second Response). This court reviewed all these documents, and decided a hearing was necessary.

On May 3, 1990, this court held a hearing on all pending motions. At that time, the court requested the parties file supplemental briefs on several specific issues. The Cranfills filed their supplemental brief in support of plaintiffs' amended response (The Cranfills' First Brief) on June 18, 1990, Kirby filed its supplemental memorandum in support of defendants' motion (Kirby's Second Memorandum) on June 22, 1990.

Apparently neither party was yet content with the quantity of paper filed in this case. On June 25, 1990, the Cranfills filed their response to defendant Kirby's supplemental memorandum (The Cranfills' Third Response). Kirby then filed its response to plaintiffs' supplemental brief (Kirby's First Response) on June 27, 1990. This court has now reviewed all of these materials.

Kirby's Second Motion effectively incorporates its First Motion, so this court will address only Kirby's Second Motion for judgment on the pleadings or for partial summary judgment. Obviously, this court has considered substantial documentation beyond the pleadings. Accordingly, this court treats Kirby's Second Motion as a motion for summary judgment under FED. R.CIV.P. 56.

Summary judgment is only appropriate where no genuine issue of material fact exists, and the moving party is entitled to summary judgment as a matter of law. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Kirby seeks summary judgment on four basic categories of claims found in the first amended complaint: the private right of action under the Federal Trade Commission Act; the federal antitrust claims; the Texas State Antitrust claims; and the Texas state breach of contract, fraud, and conversion claims. The court will address each category in turn.

## 1. PRIVATE RIGHT OF ACTION UNDER THE FEDERAL TRADE COMMISSION ACT

■ The Cranfills seek to bring a private right of action under the Federal Trade Commission Act. 15 U.S.C. § 45. The Cranfills allege in Count III of the First Amended Complaint that an implied cause of action exists under that statute.

It is well settled law that no such implied private right of action exists. *Fulton v. Hecht,* 580 F.2d 1243 (5th Cir.1978); *Alfred Dunhill, Ltd. v. Interstate Cigar Corp.,* 499 F.2d 232 (2d Cir.1974); *Holloway v. Bristol–Myers Corp.,* 485 F.2d 986 (D.C. Cir.1973); *Carlson v. Coca–Cola Co.,* 483 F.2d 279 (9th Cir.1973); *Atlanta Brick Co. v. O'Neal,* 44 F.Supp. 39 (E.D.Tex.1942). No material question of fact could exist on this claim. Kirby is entitled to summary judgment as a matter of law.

Accordingly, Kirby's motion for summary judgment is GRANTED as to Count III of the First Amended Complaint. Judgment will be entered by order of this same date.

## 2. FEDERAL ANTITRUST CLAIMS

■ The Cranfills bring Counts I, II, IV, V, and VI of the First Amended Complaint under the federal antitrust laws, specifically 15 U.S.C. § 4. Kirby responds that the entry of final judgment in a *parens patriae* action brought against Kirby by the Attorney General of the State of Texas bars these claims. *The State of Texas as parens patriae v. The Scott & Fetzer Co.,*

*et al,* Civil Action No. A–80–CA–415 (W.D. Tex. May 3, 1984) (*parens* action).

Judge Bunton's final judgment in the *parens* action contains an injunction prohibiting "[p]laintiff and those persons on whose behalf this action is brought" from bringing suit against these defendants based on "any alleged violation of the federal antitrust laws...." *Id.* Kirby claims this injunctive provision applies to the Cranfills. Although there is no question that this is a suit based on federal antitrust laws, and that Kirby was a defendant in the *parens* action, Kirby completely misreads "those persons on whose behalf this [*parens*] action is brought...."

States' attorneys general were authorized to bring *parens patriae* actions by the Hart–Scott–Rodino Antitrust Improvements Act of 1976. 15 U.S.C. § 15c. The stated purpose of the Hart–Scott–Rodino amendment was to "provid[e] the consumer an advocate in the enforcement process— his state attorney general." H.R.Rep. No. 94–499, 94th Cong.2d Sess., *reprinted in* 1976 U.S.Code Cong. & Admin. News 2572, 2574 (House Report). Such an advocate was necessary because "[t]he economic burden of many antitrust violations is borne in large measure by the consumer in the form of higher prices for his goods and services." *Id.,* 1976 U.S.Code Cong. & Admin. News at 2573. The House Report makes it very clear that "those persons on whose behalf [a *parens* action] is brought ..." are the consumers of the state, *as consumers.*

Other courts, when applying various elements of the Hart–Scott–Rodino amendment and the federal antitrust laws, have similarly interpreted the purpose of a *parens patriae* action. Judge Young of Maryland said, in interpreting a venue provision of the Hart–Scott–Rodino amendment, "This interpretation is in keeping with the purposes of the *parens patriae* amendments, which was to make it easier for consumers to recover damages for violations of the antitrust laws." *In re Mid–Atlantic Toyota Antitrust Litigation,* 525 F.Supp. 1265, 1279 (D.Md.1981), *aff'd sub nom. Commonwealth of Pennsylvania v.* *Mid–Atlantic Toyota Distributors, Inc.,* 704 F.2d 125 (4th Cir.1983).

Likewise, Judge Kaufman of the Second Circuit wrote, when reviewing a motion for disclosure of grand jury proceedings in a *parens* action, "Congress enacted the *parens patriae* provisions.... to provide a meaningful remedy for small consumers injured by antitrust violations." *In Re: Grand Jury Investigation of Cuisinarts, Inc.* 665 F.2d 24 (2d Cir.1981), *cert. denied,* 460 U.S. 1068, 103 S.Ct. 1520, 75 L.Ed.2d 945 (1983).

Indeed, the Fifth Circuit has articulated the same purpose for *parens* actions. "As the legislative history makes apparent, the [Hart–Scott–Rodino] Act was aimed primarily at enlarging the potential for consumer recovery for antitrust violations...." *State of Texas, as parens patriae, v. The Scott & Fetzer Co., et al,* 709 F.2d 1024 (5th Cir.1983). The same defendants were before the Fifth Circuit in *Scott & Fetzer* as are before this court now. In the seven years since *Scott & Fetzer* was decided, however, these defendants apparently have not learned anything. So once more, to ensure Kirby understands, a *parens patriae* action is brought on behalf of the *consumers* of a state.

This court finds the Cranfills were not consumers of Kirby's products. The Cranfills' allegations stem entirely from their dealings with Kirby as distributors of Kirby products. The Cranfills are not "those persons on whose behalf [the *parens* action] was brought." They are not enjoined from proceeding under the federal antitrust laws.

Accordingly, Kirby's motion for summary judgment is DENIED as to Counts I, II, IV, V, and VI of the First Amended Complaint. A pre-trial scheduling order will be issued with respect to those counts.

### 3. THE TEXAS STATE ANTITRUST CLAIMS

The Cranfills have alleged violations of both the Texas Antitrust statute existing prior to August 29, 1983, and the Texas antitrust statute existing subsequent to August 29, 1983. The court will address the application of each of these statutes.

## A. THE TEXAS ANTITRUST STATUTE PRIOR TO AUGUST 29, 1983

■ Prior to August 29, 1983, Texas Antitrust law was controlled by "Trusts–Conspiracies Against Trade." TEX.REV.CIV. STAT.ANN. §§ 7426, *et seq.* (Vernon 1960) (The Old Texas Statute). Although it is difficult to determine from the face of the First Amended Complaint, apparently Count VII alleges a violation of The Old Texas Statute.

The Old Texas Statute was repealed effective August 29, 1983, with the implementation of the Texas Free Enterprise and Antitrust Act of 1983. TEX.BUS. & COMM.CODE §§ 15.01 *et seq.* (the New Texas Statute). Kirby argues that because the New Texas Statute contains no savings clause, Count VII fails as a matter of law.

The New Texas Statute does not, in fact, contain a savings clause. The Cranfills argue that no savings clause is needed; the action is preserved by the Texas Code Construction Act. TEX.GOV'T CODE § 311.001, et seq. This court agrees with the Cranfills.

The Texas Code Construction Act applies to "each code enacted by the 60th or a subsequent legislature as part of the state's continuing statutory revision program...." TEX. GOV'T CODE § 311.002. The new Texas Antitrust Code was enacted by the 68th Legislature. It effectively replaced the old Texas Antitrust statute. This court finds the Texas Code Construction Act is properly applied to the Texas antitrust laws, triggering the savings provision of the Texas Code Construction Act. TEX.GOV'T CODE § 311.031.

Both sides in this case cite *Knight v. International Harvester Credit Corporation*, 627 S.W.2d 382 (Tex.1982). The court finds this case inapposite, since the statute in question there, the Consumer Credit and Consumer Protection Act, was repealed without replacement. No Texas Code Section was enacted to cover the areas previously covered by the Consumer Credit and Consumer Protection Act. In contrast, the repealed Texas antitrust statute was replaced by a code provision specifically covering the areas previously covered by the statute.

Both parties have apparently inferred that Count VII of the amended complaint is brought under The Old Texas Statute, but neither has addressed the merits of the claim in the assorted documents filed. Because the savings provision of the Texas Code Construction Act control, the action survives. Any party who wishes to seek summary judgment on the merits of this claim may do so. Until that time, Kirby's motion for summary judgment on Count VII is DENIED. A pre-trial Scheduling Order will be issued on this count.

## B. THE TEXAS ANTITRUST STATUTE SUBSEQUENT TO AUGUST 29, 1983

■ Count VIII of the Amended Complaint alleges violations of the new Texas Antitrust Statute. TEX.BUS. & COMM. CODE § 15.01, *et seq.* The Cranfills incorporate in Count VIII all the facts alleged in Count I, and charge that the acts complained of which occurred after August 29, 1983, are violations of the New Texas Statute.

It is clear that the effective date of the New Texas Statute is August 29, 1983. The only question is whether the Cranfills have actually alleged any acts occurring after that date. In opposition to Kirby's motion for summary judgment, the Cranfills argue, "the inescapable implication is that plaintiffs are alleging that defendants' wrongful conduct occurred past August 29, 1983, by virtue of defendants' failure to make proper distribution of funds under the various bonus plans initiated by defendant." The Cranfills' Second Response, p. 5.

The Cranfills agree the bonus plans mentioned were available to distributors of Kirby products. First Amended Complaint, Count I. The Cranfills' distributorship was terminated on December 13, 1979. After that date, they were no longer distributors of Kirby products. Kirby's alleged action of depriving them of earned bonus amounts had to occur while the Cranfills were distributors. Accordingly, none of the actions

complained of could have occurred after December 13, 1979.

Summary judgment for Kirby is GRANTED as to Count VIII of the amended complaint. Judgment will be entered by order of this date.

### 4. THE TEXAS STATE BREACH OF CONTRACT, FRAUD AND CONVERSION CLAIMS

#### A. BREACH OF CONTRACT

 Count X of the Amended Complaint alleges Kirby breached its contract with the Cranfills. Kirby argues this count is barred by the four-year statute of limitations on breach of contract actions. TEX. CIV.PRAC. & REM.CODE § 16.004.

The Cranfills entered their contract with Kirby in 1962. The alleged breach is Kirby's contracting for additional distributors in territory allegedly promised to the Cranfills. In Count V of the amended complaint, the Cranfills allege these breaches began in 1962. This suit was filed December 8, 1982, twenty years after the cause of action accrued.

This court finds the breach of contract action was not filed timely. Summary judgment for Kirby is GRANTED as to Count X. Judgment will be entered by order of this date.

#### B. FRAUD

Count XI alleges Kirby defrauded the Cranfills by allowing other distributors to make sales in what was allegedly the Cranfills' territory. Again, these allegations are based on acts beginning in 1962.

The statute of limitations for fraud actions is two years. TEX.CIV.PRAC. & REM.CODE § 16.003. Again, this suit was filed in 1982, twenty years after the cause of action accrued. It is not timely.

Summary judgment for Kirby is GRANTED as to Count XI. Judgment will be entered by order of this date.

#### C. CONVERSION

Count XII alleges Kirby converted consideration given to Kirby by the Cranfills in exchange for the exclusive territory the Cranfills held. Kirby's contracting

with other distributors in that territory, as discussed in Counts X and XI, led to that conversion. The money was paid to Kirby in 1962. It was allegedly converted in 1962.

The statute of limitations for a conversion action is two years. TEX.CIV.PRAC. & REM.CODE, § 16.003.

This action was filed in 1982, twenty years after it accrued. It is not timely.

Summary judgment for Kirby is GRANTED as to Count XII. Judgment will be entered by order of this date.